UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
GEORGE DANIEL RING, JR., *et al.*, )
) No. C07-693RSL
     Plaintiffs, )
  v. ) ORDER DEFERRING DEFENDANTS'
) MOTION FOR PARTIAL JUDGMENT
REP. DAVE REICHERT, *et al.*, ) ON THE PLEADINGS REGARDING
) PLAINTIFF RING
     Defendants. )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Defendants' Motion for Partial Judgment on the Pleadings Regarding Plaintiff Ring" (Dkt. #13). In their motion, defendants contend that plaintiff Ring should be dismissed from this action under Fed. R. Civ. P. 12(c) because plaintiff did not assert any causes of action against defendants in his amended complaint. In response, plaintiff Ring contends that defendants' motion will be rendered moot once plaintiff Ring files a motion to amend his complaint. For the reasons set forth below, the Court defers defendants' motion for partial judgment on the pleadings.

## II. DISCUSSION

This action was removed from King County Superior Court on May 5, 2007. See Dkt. #1. The operative complaint in this matter is plaintiffs' "First Amended Complaint for Damages, with Jury Demand" (hereinafter "First Amended Complaint") filed in King County

ORDER DEFERRING DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS

Superior Court on January 7, 2007.  Id.  In their motion, defendants correctly assert that defendant Ring did not assert any causes of action against defendants in the First Amended Complaint, and in his response, plaintiff Ring concedes that he has not yet asserted a claim against defendants.  See Response at 1 ("Defendants are not entitled to a final judgment on the merits under FRCP 12(c) because Ring has not yet filed any such claims."); 2 ("Ring chose to assert no causes of action against any defendants in the Amended Complaint.").  Because of plaintiff Ring's failure to assert a claim, defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c), which states: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "Judgment on the pleadings is proper when, taking the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."  Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999).  The allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied are assumed to be false.  Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.  General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1998).

In his response, plaintiff Ring asserts that defendants' motion will be mooted by plaintiffs' motion for leave to amend the complaint.  See Response at 1.  Based on the Court's "Amended Order Setting Trial Date & Related Dates," the deadline for joining additional parties in this matter is December 31, 2007, and the deadline for amending pleadings is September 7, 2008.  See Dkt. #26.  In the interest of judicial economy, leave to amend is in general "liberally granted."  Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).  The Court, however, has been unable to find any circuit-level authority regarding

the standard for reviewing a Fed. R. Civ. P. 12(c) motion when the non-moving party requests leave to amend in response.  Cf. Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (holding that after granting a motion for judgement on the pleadings the Court must reopen the judgment before considering a motion for leave to amend); Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) ("[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend, see Carmen v. San Francisco Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), and to simply grant dismissal of the action instead of entry of judgment.") (citing Moran v. Peralta Cmty. Coll. Dist., 825 F. Supp. 891, 893 (N.D. Cal. 1993); see also Dkt. ##20, 21, 27.  It is clear, however, that motions for judgment on the pleadings should be granted sparingly.  See C. Wright & A. Miller, 5C Federal Practice and Procedure, § 1368 ("Although the [Rule 12(c)] motion may be helpful in disposing of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further, thereby easing crowded trial dockets in the federal district courts, hasty or imprudent use of this summary procedure by the courts violates the policy of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense.").

### III.  CONCLUSION

For all the foregoing reasons, and in the interest of judicial economy, the Court DEFERS ruling on "Defendants' Motion for Partial Judgment on the Pleadings Regarding Plaintiff Ring" (Dkt. #13) until after plaintiffs file their motion for leave to amend.  Should plaintiffs fail to file their motion for leave to amend within **5 days** from the date of this Order, the Court will grant defendants' motion for partial judgment on the pleadings.

DATED this 10th day of December, 2007.

                                 /s/ Robert S. Lasnik
                                 Robert S. Lasnik
                                 United States District Judge