UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE DANIEL RING, JR., *et al.*,

Plaintiffs,

v.

REP. DAVE REICHERT, *et al*.,

Defendants.

Case No. C07-693L

ORDER GRANTING MOTION TO AMEND COMPLAINT AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Leave to Amend Complaint" (Dkt. #31) and "Defendants' Motion for Partial Judgment on the Pleadings Regarding Plaintiff Ring" (Dkt. #13). For the reasons set forth below, the Court grants plaintiffs' motion for leave to amend and denies defendants' motion for judgment on the pleadings.

## II. DISCUSSION

**A.    Background.**

On August 13, 2007, defendants moved for partial judgment on the pleadings against plaintiff Ring contending that plaintiff Ring had not alleged any causes of action against defendants. See Dkt. #13. In opposition to the motion for judgment on the pleadings, plaintiff Ring contended the motion would be mooted by plaintiffs' motion for leave to amend. See Dkt.

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND DENYING MOTION FOR PARTIAL JUDGMENT - 1

#14 (Response). In the interest of judicial economy, the Court deferred ruling on the motion for judgment on the pleadings until after plaintiffs filed their motion for leave to amend. See Dkt. #28. Plaintiffs have now done so. Accordingly, both defendants' motion for partial judgment on the pleadings (Dkt. #13) and plaintiffs' motion for leave to amend (Dkt. #31) are ripe for review for the Court's consideration. The Court turns first to plaintiffs' motion for leave to amend.

**B.    Analysis.**

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Court should consider four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Plaintiffs seek to amend their complaint through the addition of (1) claims arising after the April 2005 agreement and (2) claims for declaratory judgment. There being no objection to the addition of post-agreement claims (Dkt. #33 at 4), the Court finds that the interests of justice would be served by allowing this amendment. Defendants object, however, to the addition of claims for declaratory judgment on the grounds that the proposed amendment would be futile. See Dkt. #33 at 2.[1] At issue is whether plaintiffs' declaratory-judgment claims satisfy the "actual controversy" requirement under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

Plaintiffs' proposed amended complaint describes the agreement that Ring entered with King County, the King County Police Officers Guild, and the State of Washington: Ring agreed to retire as a police officer and not to bring claims against the County or its employees in

---

[1] Although "[p]rejudice is the touchstone of the inquiry under rule 15(a)," defendants have not asserted that they will be prejudiced by plaintiffs' amendments. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation omitted). Given the Court's September 7, 2008 cut-off for amending the pleadings in this matter, and the fact that defendants have not claimed prejudice, the Court concludes that defendants will not be prejudiced by plaintiffs' amendments.

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND DENYING MOTION FOR PARTIAL JUDGMENT - 2

exchange for the State's dismissing all criminal charges against Ring and the County paying all attorney's fees and costs incurred in Ring's criminal defense, compensating Ring for bond expenses, and allowing Ring to receive his pension. See Dkt. #31, Ex. A at 16-17.  Ring seeks a declaratory judgment to determine whether the agreement is void and therefore that King County would not be entitled to any repayment or offset against any future judgment. See Dkt. #31, Ex. A at 27-28.

A declaratory-judgment action requires a definite, concrete controversy between parties having adverse legal interests and the possibility "of specific relief through a decree of a conclusive character." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937).  The test is whether the alleged facts, under all circumstances, show a sufficiently immediate and substantial controversy between the parties. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Ring's rights under the agreement to bring claims against the County and its employees presents a question of immediate concern to plaintiffs.  According to the facts as alleged in the proposed amended complaint, if Ring brought an action against the County, he would trigger a counterclaim of breach of the agreement and might be held liable for repayment.  These possibilities are likewise contemplated in the e-mail from defendants' counsel. See Dkt. 35 at Ex. 1.  On the other hand, in requesting declaratory relief, plaintiffs would be able to determine the validity of the agreement without breaching the agreement.  Accordingly, the Court finds that the interests of justice would be served by allowing plaintiffs to amend the complaint to include all the proposed amendments.  Because plaintiff Ring has asserted claims against defendants in his proposed amended complaint, defendants' motion for judgment on the pleadings based on plaintiff Ring's failure to assert any claims is therefore denied.

//

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND DENYING MOTION FOR PARTIAL JUDGMENT - 3

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to amend (Dkt. #31) and DENIES defendants' motion for judgment on the pleadings (Dkt. #13).  Plaintiffs shall file and serve within **10 days** from the date of this order a signed amended complaint substantially in the form of Exhibit A to their motion.

DATED this 25th day of February, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND DENYING MOTION FOR PARTIAL JUDGMENT - 4