UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE DANIEL RING, JR., a former Detective and King County Sheriff's Deputy; and REBECCA ROSE,

Plaintiffs,

v.

REP. DAVE REICHERT, *et al.*,

Defendants.

NO. C07-693RSL

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

# I. INTRODUCTION

This matter comes before the Court on "Defendants' Motion to Dismiss," Dkt. #44. Plaintiffs Daniel Ring and Rebecca Rose have filed suit against a number of defendants pursuant to 42 U.S.C. § 1983. On November 19, 2008, defendants filed a motion to extend the discovery deadline after several failed attempts to schedule plaintiffs' depositions. Dkt. #41. The Court granted defendants' motion, Dkt. #42, and extended the discovery deadline to January 15, 2009. After plaintiffs once again failed to appear for their scheduled depositions, defendants filed the present motion seeking dismissal of the action as a sanction. For the reasons set forth below, the Court denies defendants' motion to dismiss.

# II. DISCUSSION

**A. Background**

On October 2, 2008, defense counsel contacted plaintiffs' counsel by e-mail to request

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 1

scheduling of plaintiffs' depositions. Dkt. #50, Ex. 5 at 1. Counsel for plaintiffs responded on October 6, 2008 that he would inquire with his clients. When defense counsel hadn't heard back from plaintiffs' counsel almost two weeks later, he sent deposition notices for October 29, 2008, id. at 4, in light of the November 6 discovery deadline. One day later, counsel for plaintiffs notified defendants that he was experiencing health problems that were impacting his availability. Id. at 5. Defense counsel suggested that it would be appropriate to obtain co-counsel or recommend that plaintiffs obtain new counsel, id., and counsel for plaintiffs responded that he would inquire with plaintiffs, id. at 7.

Due to his illness, however, counsel for plaintiffs did not contact his clients regarding deposition dates until November 10, 2008. Dkt. #47 at 2. Plaintiffs informed him that they were scheduled to leave the country in four days to do volunteer work in Thailand for several months and that they were unable to postpone their trip on such short notice. Id. at 3. Counsel apprised plaintiffs of his deteriorating medical condition and told them he would file motions to withdraw from representation and to modify the case schedule so that they could find replacement counsel. Id. Due to his illness, however, counsel was unable to file these motions. Id.

On December 15, 2008, the Court granted defendants' motion to extend the discovery deadline "for the sole purpose of allowing the defendants to take the plaintiffs' depositions and to conduct further discovery which is directly based upon information learned at the depositions." Dkt. #42 at 2. That same day, plaintiffs' counsel informed defense counsel that plaintiffs had in fact gone to Thailand and that they "would rather not make a special trip back to the U.S. just to be deposed" due to the expense and their reluctance to interrupt their volunteer work. Dkt. #47 at 5. He further indicated he would file a motion to modify the case schedule to allow plaintiffs time to find replacement counsel. Id. Having heard nothing following that correspondence, defendants noted plaintiffs' depositions for January 15, 2009, the last day of the extended discovery deadline. Dkt. #45, Ex. 3 and 4. Plaintiffs did not appear. Plaintiffs'

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 2

counsel tells the Court that he had been incapacitated since mid-December and did not notify plaintiffs that their depositions were noted for mid-January. Dkt. #47 at 6.

Defendants filed the present motion to dismiss the action on January 15, 2009. Dkt. #44. Plaintiffs' counsel maintains that his severe illness precluded him from notifying his clients of their deposition dates, and therefore plaintiffs' failure to appear for deposition was "[t]hrough no fault of their own." Dkt. #46 at 1. Defendants contend that counsel's illness is beside the point and blame plaintiffs' failure to appear on plaintiffs' decision to leave the country for several months after their attorney informed them that his medical condition required them to obtain new counsel if they were going to proceed with their case. Dkt. #49 at 2.

**B. Analysis**

Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i), the Court may order sanctions if a party fails, after being served with proper notice, to appear for his deposition. These sanctions include dismissing the action, along with other available remedies. Fed. R. Civ. P. 37(b)(2)(A), (d)(3). Before ordering dismissal of an action for failure to attend a deposition, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986)). "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

The Court agrees with defendants, Dkt. #44 at 4, that the first two factors weigh in favor of dismissal. See Ferdik, 963 F.2d at 1261. The Court further understands that plaintiffs' failure to appear for depositions prejudices defendants, for "defendants cannot adequately prepare for trial, cannot file an appropriately prepared dispositive motion and cannot comply with their obligations under the Court's scheduling orders" without an opportunity to depose their accusers, Dkt. #44 at 3. However, the prejudice defendants face can be cured by less

drastic sanctions. See United States v. Nat'l Med. Enterprises, Inc., 792 F.2d 906, 912 (9th Cir. 1986) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions."). The burden placed on defendants stems from the looming March 2, 2009 trial date. Certainly it would be unjust for the Court to require defendants to proceed to trial without granting them an opportunity to conduct crucial discovery to defend the action. An order staying the case would ease this burden. The Court sees no reason to punish defendants for plaintiffs' failure to appear for depositions by adhering to the current case schedule.

But neither does the Court seek to encourage or condone plaintiffs' neglect of their case by delaying trial and other deadlines indefinitely until they choose to return from Thailand to pursue their lawsuit. Besides weighing the foregoing factors,[1] the Court also considers whether plaintiffs' failure to attend their depositions was due to the "willfulness, bad faith, or fault of the party." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994). Plaintiffs' counsel blames his clients' failure to appear for depositions entirely on his own medical condition. Indeed, dismissal is inappropriate where failure to comply is solely due to counsel's poor health and not any fault of the plaintiff. See Vac-Air, Inc. v. John Mohr & Sons, Inc., 471 F.2d 231, 234 (7th Cir. 1973). But counsel's medical condition in this case cannot explain *plaintiffs*' failure to diligently prosecute their case. It is unfathomable to the Court that plaintiffs would choose to leave the country for the months preceding trial in complete disregard of the Court's case schedule and their obligation to appear for depositions. Particularly when plaintiffs were aware

---

[1] Defendants' contention that "[f]actor 4 is close to neutral since even if dismissal is not ordered it appears that plaintiffs will not appear for trial," Dkt. #44 at 4, is contradicted by plaintiffs' counsel's assertion that his clients intend to return from Thailand in time for trial despite the fact that they had originally scheduled their return after the trial date, Dkt. #46 at 2. Nonetheless, even if plaintiffs do return by March 2, 2009, this hardly excuses their prolonged absence during the critical pre-trial, discovery period. "[G]iven plaintiffs' responsibility for moving their cases toward resolution, public policy favoring disposition of cases on the merits offers little support in their favor." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1238 (9th Cir. 2006).

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 4

of the pending trial date, were notified of the demand that they appear for depositions, and were explicitly informed by counsel that his health problems would preclude him from representing them, the lack of evidence that plaintiffs took any action to pursue their case is striking. Cf. Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 247 (7th Cir. 2003) ("Tango's principal argument is that the lawyer's depression was a good excuse for his neglecting his responsibilities. We may assume that it was. But that is not the issue. The issue is whether *Tango* had a good excuse for failing to prosecute its case.").

On balance, plaintiffs' failure to appear for their depositions appears to be a result of both their negligence and their counsel's unfortunate medical condition. In light of the fact that the failure can be at least partially attributed to the latter, the Court finds that the sanction of dismissal would be too harsh. Instead, the Court stays the case and orders plaintiffs to show cause within twenty-eight days why their case should not be dismissed or other sanctions imposed for *their* role in the failure to abide by their discovery requirements.[2] Plaintiffs should understand this Order as a warning that their continued absence and refusal to make themselves available for depositions may result in dismissal of their action. See Hyde & Drath, 24 F.3d at 1167 ("To determine whether the district court fulfilled [its obligation to consider alternate sanctions], the reviewing court examines whether the court . . . warned the party of the possibility of dismissal before actually ordering it.").

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. #44) is DENIED. The Court ORDERS that the case be stayed. The Court further ORDERS plaintiffs to show cause within twenty-eight days of this Order why their case should not be dismissed or other sanctions imposed.

---

[2] If plaintiffs are serious about pursuing their case, they must use the time allotted to take active steps to return to the district, obtain new counsel, and move toward resolution of the case rather than wait for a court order to mandate their return to the country for purposes of deposition.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 5

DATED this 24th day of February, 2009.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 6